IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FATHERS & DAUGHTERS NEVADA, LLC, | ) ) ) |
| Plaintiff, | ) Case No.: 2:16-cv-10939 ) |
| v. | ) Hon. ) |
| DOES 1-14, | ) ) ) |
| Defendants. | ) |

Barry C. Kane (P45851)
**KANE & CO., PLC**
29 Pearl St. N.W.
410 Federal Square Building
Grand Rapids, MI 49503
(616) 726-5905 (v)
bkane@kaneplc.com

### COMPLAINT: COPYRIGHT INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT

Plaintiff, Fathers & Daughters Nevada, LLC, by and through its attorney, for its Complaint asserts the following allegations against Defendants Doe 1-14:

### RELATED CASE

This case is a companion to case numbers 4:16-CV-10372 filed February 2, 2016, 4:16-CV-10654 filed February 23, 2016, 4:16-CV-10751 filed March 3, 2016, 4:16-CV-10785 filed March 4, 2016 and 2:16-CV-10910 filed March 14, 2016.  The Plaintiff, general fact patterns, and counts are the same in all cases.  The named defendants in this case are different because the date(s) of the alleged violations occurred at dates other than the prior cases.

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act (17 U.S.C. §§ 101 et. seq.). As set forth in greater detail below, this action involves the unauthorized acquisition, copying, and transfer of the copyrighted and highly acclaimed film entitled, "*Fathers and Daughters*" (hereafter the "Motion Picture") by Defendants.

2.     This Court has original and exclusive jurisdiction under the Copyright Act, 17 U.S.C. §101 et seq. as this case raises a federal questions as provided for in 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

3.     Plaintiff alleges the Doe defendants are illegally electronically downloading, copying and transferring the Motion Picture using a "BitTorrent" or "Torrent" network, protocol, or client which is different than the standard peer-to-peer (P2P) computer file sharing protocols. The torrent protocol makes individually owned and small computers with low bandwidth capable of joining together to participate in large data transfers for copying files such as movies.

4.     The initial file-provider intentionally elects to share a file with a torrent network. The initial file-provider uploads the file to be shared to a torrent client. This initial file is called a seed. Other users ("peers") on the torrent network can see that the seed file is available and can make a copy of the file by downloading the file from the seed-file computer to their computer. As additional peers connect to the torrent network and request the same seed file, each additional user knowingly becomes a part of the network from which the seed file can be downloaded.

5.     Each new user or copier of the seed file receives a different piece of the data from each of the other users who already downloaded the seed file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of torrent network technology makes every person who copied the seed file

also a provider of the illegally copied seed file to other uses as an uploader of the illegally transferred file(s). This means that every user who copied the seed file is now a "node" or peer user who has a copy of the infringing copyrighted material on their computer which is now part of the torrent network and intentionally also becomes a source of download for that infringing seed file.

6. The distributive and cooperative nature of torrent network leads to a rapid viral spreading of a seed file to the peer users. As more peers join the swarm, the speed of transfer and the likelihood of a successful file download increases. Because of the nature of a torrent protocol, any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file. Essentially, every user on the network accessing the seed file is a member of the swarm and is an infringer by cooperatively working together in the unauthorized distribution of the copyrighted material over the Internet.

7. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as the copyright owner to the Motion Picture, within this District, acquired, copied, and participated in the distribution of the Motion Picture to others over the Internet using the torrent network or protocol.

8. Geolocation technology has been used to trace the Internet Protocol ("IP") addresses of each Defendant to a point of origin located within this District.

9. On information and belief, each Defendant has an IP address based in this District and resides in or committed copyright infringement in this District.

10. To the extent a Defendant is a non-resident of this District, this Court has personal jurisdiction over that Defendants under the Michigan long-arm statute, MCL §600.705, because

they downloaded copyrighted content from or uploaded it to Michigan residents located in this District, thus doing or causing an act to be done, or consequences to occur, in this state resulting in an action for tort within the meaning of the statute.

11. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same.

12. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's Motion Picture is ongoing.

13. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief, Defendants reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

14. In the alternative, on information and belief, at least one of the Defendants resides in this District and all of the Defendants reside in this State.

### THE PARTIES

15. Plaintiff is a motion picture developer and producer. Plaintiff brings this action to stop Defendants from making illegal copies of Plaintiff's copyrighted Motion Picture and making those copies available to others.

16. Defendants' infringements allow them and others to unlawfully to obtain and distribute for free unauthorized copyrighted works that Plaintiff spends considerable sums to create, acquire and/or distribute.

17. Each time a Defendant unlawfully distributes a copy of Plaintiff's copyrighted Motion Picture to others over the Internet, each person who copies the Motion Picture then distributes the unlawful copy to others without any significant degradation in sound and picture quality.

18. Defendant's distribution of even one unlawful copy of a motion picture can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

19. Plaintiff is the exclusive owner of the copyright and/or the pertinent exclusive rights under copyright in the United States in the Motion Picture that has been unlawfully distributed over the Internet by Defendants.

20. The true names of Defendants are unknown to Plaintiff at this time. Each Defendant is known to Plaintiff only by the Internet Protocol ("IP") address assigned to that Defendant by his or her Internet Service Provider ("ISP") and the date and the time at which the infringing activity of each Defendant was observed. See Exhibit 1.

21. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendant's true name and will permit Plaintiff to amend this Complaint to state the same. Plaintiff further believes that additional information obtained will lead to the identification of additional infringing parties, as monitoring of online infringement of Plaintiff's motion picture is ongoing.

## COUNT I
## COPYRIGHT INFRINGEMENT

22. Plaintiff reasserts and incorporates by reference the allegations set forth in Paragraphs 1-21 as if stated herein.

23. The Motion Picture is an original work, has significant value, and has been produced and created at considerable expense to Plaintiff.

24. The copyrighted Motion Picture includes a copyright notice advising the viewer that the motion picture is protected by the Copyright Laws.

25. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted Motion Picture, including derivative works.

26. The copyrighted Motion Picture is the subject of a valid Certificate of Copyright Registration issued to Plaintiff by the Register of Copyrights. (Exhibit 2).

27. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, a torrent network and or other online media distribution system to reproduce and distribute to the public, including by making available for distribution to others, the copyrighted Motion Picture.

28. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed (Exhibit 1).

29. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution.

30. Each Defendant's actions constitute direct infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 *et seq.*).

31. On information and belief, each Defendant deliberately participated in a swarm and/or reproduced and/or distributed the same seed file of Plaintiff's copyrighted Motion Picture in digital form with other Defendants.

32. On information and belief, Defendants participated in a collective and interdependent manner with other Defendants via the Internet for the unlawful purpose of reproducing, exchanging and distributing copyrighted material unique to the swarm.

33. By participating in the same swarm, each Defendant participated in the same transaction, occurrence or series of transactions or occurrences as the other Defendants in the swarm.

34. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in total disregard of and with indifference to the rights of Plaintiff.

35. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to its attorneys' fees and costs pursuant to 17 U.S.C. §505.

36. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

37. Plaintiff has no adequate remedy at law.

38. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's copyrights.

## COUNT II
## CONTRIBUTORY INFRINGEMENT

39. Plaintiff restates and incorporates by reference the allegations set forth in Paragraphs 1-38.

40. Through Defendants' use of a Torrent network or other online media distribution system to reproduce and distribute the Motion Picture, including by making available for distribution to others, all or portions of the copyrighted Motion Picture as determined by the Torrent client, each Defendant with knowledge of the infringing activity, induced, caused, or materially contributed to the infringing conduct of another.

41. Each Defendant had either actual or constructive knowledge that the reproduction and distribution of the Motion Picture on a Torrent network or other online media distribution system was in violation of the law.

42. As a result of each Defendant's contributory infringement of the Motion Picture, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against each Defendant and relief as follows:

A. For entry of permanent injunctions against Defendants providing that each shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

B. An Order that each Defendant shall destroy all copies of Plaintiff's Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and (subject to the Order of Impoundment prayed for below) shall serve up all copies of the downloaded Motion Picture transferred onto any physical medium or device in each Defendant's possession, custody or control.

C. For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyright pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint.

D.  For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial.

E.  For an Order of Impoundment under 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's Motion Picture which are in Defendants' possession or under their control.

F.  For Judgment in favor of Plaintiff and against Defendants awarding Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses) and other costs of this action.

G.  For Judgment in favor of Plaintiff against Defendants, awarding Plaintiff such further declaratory and injunctive relief as may be just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: March 15, 2016

Respectfully submitted,
s/Barry C. Kane
Barry C. Kane (P45851)
**KANE & CO., PLC**
29 Pearl Street N.W.
410 Federal Square Building
Grand Rapids, MI 49503
(616) 726-5905

Counsel for Plaintiff